GIBSON *v.* HONNETT.

Opinion delivered November 14, 1903.

Rehearing denied October 15, 1904.

1. MARSHALING ASSETS—WHAT BILL SHOULD ALLEGE.—A party seeking the benefit of a proceeding to marshal assets should allege, as well as prove, that the fund to be applied affords a sure and adequate means of satisfying the debt, and that in resorting thereto the paramount creditors will not be unreasonably delayed or injured in any rights or deprived of any part of their debts. (Page 417.)

2. FRAUD—SUBSEQUENT PURCHASER.—A subsequent purchaser with notice of prior incumbrances, whose purchase is incomplete, and who has expended nothing in furtherance thereof, and cannot be required to do so until such incumbrances have been removed, is not in a position to attack such incumbrances for fraud upon the vendor's creditors. (Page 418.)

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Suit in equity for specific performance and marshaling of assets by Malvina A. Gibson against A. S. Honnett and others. Demurrer to the bill was sustained, and plaintiff appealed.

The complaint states that on the 20th day of November, 1900, defendant Albert S. Honnett was the owner in fee of an undivided one-half interest, and the defendant Charles Weil the owner of the other undivided one-half interest, in a plantation known as the "Oliver place." That, in addition to these lands, Honnett was the owner of an undivided one-half interest in certain other lands and town lots described in the complaint, and was the absolute owner of lot 4, block 5, James' addition to Pine Bluff. That on the .... day of .........., 189.., Honnett and his wife, Henrietta Honnett, executed a deed of trust to M. E. Bloom, as trustee for the defendant, Rachel Winklein, to secure a note for $2,700, in which they conveyed lot 4, block 5, James' addition to Pine Bluff, and on February 8, 1898, the said Honnett and wife executed to M. E. Bloom, as trustee, another deed of trust, in which they conveyed the "Oliver place" and all other lands in which they owned any interest, excepting lot 4, block 5, James' addition, as aforesaid. That the second deed of trust was executed to secure the identical indebtedness secured by the first deed of trust; that the land described in the first deed of trust was ample security for the debt, and the second deed was made for the purpose of delaying, hindering and defrauding the creditors of the said A. S. Honnett.

That on the 21st day of February, 1898, Honnett and wife executed to defendant Charles Weil a deed of trust, wherein they conveyed to Weil, as trustee, all of the lands owned by them, including the "Oliver place," except lot 4, block 5, James' addition. This deed of trust was made to secure the following indebtedness: The Citizens' Bank, Pine Bluff, for $1,000, evidenced by note dated November 4, 1897, due four months after date; C. H. Triplett, for $3,500, evidenced by three notes, one for the sum of $1,000, dated October 23, 1897, due four months from date, the second for $1,000, dated November 4, 1897, due four months after date, the third for $1,500, dated December 8,

1897, and due March 23, 1898; the Merchants' & Planters' Bank in the sum of $10,000, evidenced by three notes, one for $4,000, dated October 12, 1897, due four months from date, the second for $4,000, dated November 11, 1897, due four months after date, and the third for $2,000, dated January 25, 1898, due thirty days after date.

The appellant charged that the debts due the Citizens' Bank and the debt due C. H. Triplett had been fully paid off, and the records should have been satisfied as to them. That the debt due the Merchants' & Planters' Bank secured by said deed of trust has been mostly paid, and there is now only the sum of $3,000 due the bank.

That on February 25, 1898, the said A. S. Honnett and wife executed to M. L. Altheimer, as trustee, a certain deed of trust in which they conveyed to said Altheimer, as trustee, all of the lands owned by said Honnett, including the "Oliver place," except lot 4, block 5, James' addition. This deed of trust was given to secure the following debts claimed to be due by the said A. S. Honnett: One note for $6,000 to M. Gans, dated October 4, 1897, due six months thereafter, and a debt due Rothschild Bros. for $2,500, evidenced by two promissory notes, one for $1,500, dated October 18, 1897, due four months after date, and one for $1,000, dated December 4, 1897, due four months after date.

Plaintiff charged that the debt claimed to be due M. Gans is wholly or in part fictitious, and if there is anything due on account of that claim, it does not exceed $1,000, and the deed of trust was made, so far as this debt is concerned, without consideration and for the purpose of aiding and assisting said Honnett to hinder, delay and defraud his creditors. That the debt due Rothschild Bros. has been wholly or in part paid off, and if there is any sum due them, it does not exceed $195.

All of the various trustees and beneficiaries were made parties defendant.

The complaint further charges that on the 21st day of November, 1900, the plaintiff purchased from said A. S. Honnett and Henrietta Honnett their undivided one-half interest in the lands comprising the Oliver place, agreeing to pay therefor

the sum of $5,000 to A. S. Honnett, this sum to be due and paya-
ble within ten days after the said Honnett and wife should tender
a good and sufficient warranty deed to the lands, and the title
to the lands should be approved by the appellant's attorneys,
and all liens or incumbrances thereon should be removed to the
satisfaction of her said attorneys ; and the appellant was required
to and did deposit $250 as an earnest on her part to bind the
contract. That the contract was reduced to writing, and the same
was duly acknowledged and filed for record. That, in part com-
pliance with their contract, A. S. Honnett and wife furnished
to White & Altheimer, the attorneys for Mrs. Gibson, an abstract
of title to the said lands, and the title of said lands was found
by the said attorneys to be in the said Honnett, subject to the
incumbrances aforesaid, which incumbrances, under the con-
tract, were to be removed by the said Honnett. That Mrs. Gib-
son then tendered to A. S. Honnett and wife the sum of $5,000,
and demanded of them a compliance of the contract on their
part by the removal of the said incumbrance and the execution
to her of a deed as provided for in the said contract ; but that the
said Honnett and wife have refused to remove the incumbrances
or to satisfy the same, and with her complaint she brought into
court the said sum of $5,000 and tendered the same in open court,
to be paid to Honnett and wife upon the removal or satisfaction
of the said incumbrance. That, under the said contract, appel-
lant entered into the possession of one-half of the said place,
but defendant Weil, her tenant in common, has refused to recog-
nize her right to the same, or to permit her to receive the benefits
derived from the rents and profits thereof, or to have any voice
in the management or control of same.

That by her said contract she has become the purchaser of
the said lands, but that her rights are subsequent to the debts due
under the deeds of trust, and she is entitled to have the amounts
properly due under the said deed of trust to be definitely ascer-
tained and the liens thereof discharged and foreclosed ; that the
holders of the said liens and claims be required to satisfy their
claims first out of the property owned by the said Honnett and
covered by their deeds of trust before resorting to the lands pur-
chased by her ; that M. E. Bloom as trustee be required to exhaust
the security conveyed in his first deed of trust conveying lot 4,

block 5, James' addition, before resorting to the lands described in his later deed of trust; that if there is not enough money realized from the sale of the other lands to pay off the full amount found to be due the other creditors holding prior valid liens, and the sum of $5,000 deposited by her be sufficient to remove all prior incumbrances upon the lands comprising the "Oliver place," then that such sum be applied for that purpose; that all persons holding liens upon the said "Oliver place" be required to satisfy the same as soon as they shall receive the sum due thereunder.

That the defendant, A. S. Honnett, is wholly insolvent, and that Henrietta Honnett is a married woman, and the wife of A. S. Honnett, and that neither she nor her estate could be made responsible in damages for violation of the contract.

The prayer of the complaint is: (1) That an account be taken between Honnett and each of the holders of indebtedness secured by the several deeds of trust, and the amount due each beneficiary ascertained. (2) That the assets of the defendant be marshaled, and that the same be charged with the amount found due his creditors, and that the lands owned by the said Honnett, and not conveyed to plaintiff, be first sold for the satisfaction thereof; that M. E. Bloom and his *cestui que trust* be required to first foreclose and sell lot 4, block 5, James' addition, before proceeding to realize from the other property, and that the second deed of trust to him be then declared null and void. (3) That each of the defendants holding deeds of trust upon any of the property be required to foreclose the same. (4) That if the lands, not including the lands comprising the "Oliver place," do not sell for enough to fully pay off and discharge such indebtedness, and discharge all such liens, then that the said sum of $5,000 deposited by plaintiff be appropriated to pay off and discharge such balance. (5) That the court decree a specific performance of the contract between her and A. S. and H. Honnett; that they be required to satisfy all prior incumbrances on the "Oliver place," and make and execute to her a deed for the same.

To this complaint defendants demurred upon the ground "that the complaint does not state facts sufficient to constitute an equitable cause of action." The court sustained the demurrer, and dismissed the plaintiff's cause of action. Plaintiff has appealed.

*N. T. White* and *Ben J. Altheimer,* for appellant.

A demurrer was not the proper pleading.　37 Ark. 286; 42 Ark. 186; 56 Ark. 392; 32 Ark. 490; 34 Ark. 600; 39 Ark. 158. The complaint presented a cause of action.　68 Ark. 412; 20 Ark. 25.　The chancellor's finding in a case praying for specific performance is subject to review.　16 Ark. 340; 21 Ark. 110. A mere naked hardness of the bargain will not warrant a denial of the court's remedial powers.　23 Ark. 704; 38 Ark. 31; 66 Ark. 171; 22 Am. & Eng. Enc. Law, 910-917, 941; 160 U. S. 182; 4 Duer, 86; 13 Ves. Jr. 73; 41 N. J. 350; 4 Pa. 132; 30 Ark. 549; 31 Ark. 319; 3 Pick. 5; 7 Ired. Eq. 190; 51 Ala. 312; 67 Ala. 353; 118 Ill. 320; Pom. Sp. Perf. § 10.　Appellee was insolvent, and specific performance should have been decreed.　74 Wis. 591; 105 Fed. 203; 6 Pick. 397; 13 Pick. 171; 10 Johns. 587; 1 Page, 92.　Marshaling of assets is an equitable relief.　14 Ark. 86; 18 Ark. 172, 508, 85; 37 Ark. 487, 167; 40 Ark. 102; 56 Ark. 139; 60 Ark. 526; 18 Ark. 95; 52 Ark. 458; 35 S. W. 835. The bill states facts sufficient to entitle appellant to maintain the same for an accounting and redemption.　13 Ark. 112; 96 U. S. 337; 19 Vt. 46; 9 Allen, 141; 2 Jones, Mortg. § § 1093-1104; 20 Am. & Eng. Enc. Law, 608.　The chancery court had jurisdiction.　14 Ark. 50; 30 Ark. 278; 37 Ark. 286; 46 Ark. 96; 48 Ark. 312.

*Irving Reinberger* and *M. A. Austin,* for appellees.

Appellant was not a creditor of appellees, and had no contractual relations with them, and has no standing in court.　51 Ark. 390; 11 Ark. 475; 52 Ark. 389; 10 Ark. 53; 1 Story, Eq. Jur. 793; 1 Jones, Mortg. 736, 630.　A decree for specific performance rests in the sound discretion of the court.　43 Am. St. Rep. 192; 152 Pa. St. 529.　Without a clear abuse of this discretion the supreme court will interfere.　5 Ark. 208; 10 Ark. 428; 21 Ark. 329.　This discretion was not abused.　Pom. Const. § 45; Fry, Spec. Perf. § 39; 19 Ark. 60.

Bunn, C. J.　Does the complaint state a cause of action?

In the outset it may be stated that the burden is upon the party seeking the benefit of the proceeding to marshal the assets

to "show that the fund to be applied affords a sure and adequate means of satisfying the debt, and that in resorting thereto the paramount creditors will not be unreasonably delayed or injured in any rights or deprived of any part of their debts. In short, the junior lienor must show affirmatively that it would be equitable in relation to all parties concerned to afford to him relief of this character." 19 Am. & Eng. Enc. Law, 1050.

It follows, as a corollary of this doctrine, that the junior lienor must affirmatively show—at least allege—that he himself will receive a benefit from the proceeding, and that the senior lienors will not be materially prejudiced thereby.

We have no allegations as to the values of the properties included in the several deeds of trust, and in the deed of plaintiff from the Honnetts. We may infer, however, from a statement of the complaint that said lot 4 in block 5 in Jones' addition to the city of Pine Bluff is worth the amount of the mortgage debt secured by it; that is, $2,700. That is the statement of the plaintiff. Moreover, the Honnetts have sold to the plaintiff the other properties for the sum of $5,000 cash, and, the plaintiff having agreed to pay that sum within ten days from and after the time said defendants should lift said prior incumbrances therefrom, we may safely conclude that that sum indicated the value of the property other than lot 4 in block 5, according to the estimate of the parties immediately concerned. The whole property involved would be valued at $7,700. Now, it is admitted that the mortgage debts amount in the aggregate to something more than $8,000. Furthermore, there is a large part of these debts which is called in question by the plaintiff; some because they have been paid in whole or in part, and some because they were contracted to cheat, hinder and delay other creditors in the collection of their debts. This charge of fraud is too general and vague and indefinite upon which to base inquiry, but, granting that the allegation is sufficient for the purpose, yet it must be noticed that plaintiff is not a subsequent creditor, but a subsequent purchaser, with full notice of the prior incumbrances when her purchase was made, and the further fact that her purchase is not yet complete, and nothing has been expended by her in furtherance thereof and cannot be upon the condition thereof until said prior incumbrances have been removed. This fact

of the plaintiff not being in a position to attack said debts for fraud without some additional allegations and showing makes it apparent that she has nothing to gain by the proceeding sought, while it is seen that the creditors will likely suffer great inconvenience and annoyance therefrom. We therefore conclude that the chancellor did not err in sustaining the demurrer.

Affirmed.